USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/9/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                             :

MARIA DE LOURDES PARRA MARIN,     :

                       Plaintiff,    :

     -against-                       :

DAVE & BUSTER'S, INC. ET AL.,        :

                    Defendants.    :

                             :
-------------------------------------------------------- X

**ORDER DENYING
DEFENDANTS' MOTION TO
DISMISS**

15 Civ. 3608 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

               Maria De Lourdes Parra Marin complains against her former employer, Dave &

Busters ("D&B"), for acts of discrimination in violation of section 510 of ERISA, 29 USC

section 1140. Plaintiff worked full-time, 30 to 45 hours per week, at the D&B Times Square

location from 2006 to 2013 and received health insurance under the D&B health insurance plan, an

"employee welfare benefit plan" under ERISA, 29 U.S.C. § 1002. According to Plaintiff, in June of

2013, in response to the enactment of the Affordable Care Act ("ACA") in March of 2010, the D&B

Times Square store managers told employees that compliance with the ACA, after its effective date

of January 1, 2015, would cost as much as two million dollars, and that to avoid the costs, the

location planned to reduce its full-time employees at the Times Square store from more than 100 to

approximately 40. Plaintiff alleges that D&B reduced her hours after June 1, 2013 to approximately

10 to 25 hours per week, an average of 17.43 hours. Plaintiff then received a letter from D&B, dated

March 10, 2014, informing her that she now had part-time status and her full-time health insurance

coverage would terminate on March 31, 2014. Plaintiff alleges that the reduction in her hours caused

a loss of full-time status, a reduction in pay, from a range of $450 to $600 per week, to $150 to $375

per week, and the loss of eligibility for medical and vision benefits.

Defendants move to dismiss the complaint, arguing that Plaintiff's theory of

liability fails as a matter of law under Section 510, 29 U.S.C. § 1140 . The statute provides that:

> It shall be unlawful for any person to discharge, fine, suspend,
> expel, discipline, or discriminate against a participant or
> beneficiary for exercising any right to which he is entitled under
> the provisions of an employee benefit plan, this subchapter, section
> 1201 of this title, or the Welfare and Pension Plans Disclosure Act
> [29 U.S.C.A. § 301 et seq.], or for the purpose of interfering with
> the attainment of any right to which such participant may become
> entitled under the plan, this subchapter, or the Welfare and Pension
> Plans Disclosure Act. 29 U.S.C. § 1140.

The question is whether Plaintiff has alleged a legally sufficient claim for relief

that Defendants' curtailment of her hours discriminated against her "for the purpose of

interfering with the attainment" of a right to which Plaintiff "may become entitled" under the

employee benefit plan of which she was a participant.

I.   The Complaint

Plaintiff alleges that she was a full time employee and entitled to health care

coverage at the time of her reduction of hours.  The complaint, fairly read, alleges that

Defendants intentionally interfered with her current health-care coverage, motivated by

Defendants' concern about future costs that would become associated with the plan's health-care

coverage.

Plaintiff has put forward factual allegations supporting her claim that the

employer had the specific intent to interfere with her right to health insurance. The complaint

describes two meetings in the Times Square location in June 2013 in which the D&B General

Manager, Chris Waugaman, and Assistant General Manager, JD Roewer, described that the ACA

would cost the company "two million dollars" and that they were reducing the number of full-time

employees to approximately 40 to avoid that cost. The complaint describes a nation-wide effort to

lower the number of full-time and part-time employees, and that similar meetings were held at other

2

locations. One employee from another location posted on D&B's Facebook page on June 9, 2013 that "[t]hey called store meetings and told everyone they were losing hours (pay) and health insurance due to Obamacare."

Plaintiff also alleges statements made by D&B executives regarding their layoffs. The complaint alleges that a Senior Vice President of Human Resources responded to a query from the Dallas Morning News about their reduced workforce by saying that "D&B is in the process of adapting to upcoming changes associated with health care reform." A filing with the SEC from September 29, 2014 stated that: "Providing health insurance benefits to employees that are more extensive than the health insurance benefits we currently provide and to a potentially larger proportion of our employees, or the payment of penalties if the specified level of coverage is not provided at an affordable cost to employees, will increase our expenses."

The reduction in Plaintiff's hours affected her employment status, her pay, and the benefits she had and to which she would be entitled.

## II. Defendants' Motion

Defendants argue that an employee an employee has no entitlement, and thus no legally sufficient claim, to benefits not yet accrued, and that a "plaintiff must show more than 'lost opportunity to accrue additional benefits' to sustain a § 510 claim." Dister v. Cont'l Grp., Inc., 859 F.2d 1108, 1111 (2d Cir. 1988) (parenthetically quoting Corum v. Farm Credit Servs., 628 F.Supp. 707, 718 (D.Minn. 1986)); Kelly v. Chase Manhattan Bank, 717 F. Supp. 227, 232 (S.D.N.Y. 1989) ("[P]laintiff complains that he was prevented from enjoying a benefit yet to be created. This alone cannot raise an inference of discrimination." (emphasis added)). However, Plaintiff alleges that Defendants' discrimination affected her current benefits, in addition to interfering with her ability to attain future benefit rights. Plaintiff's claim arises from the employer's unlawful motivation, acting to interfere with either the exercise or the accrual of

3

benefits to which Plaintiff "may become entitled." 29 U.S.C. § 1140. Plaintiff has sufficiently pled that the employer acted with an "unlawful purpose" when taking an adverse action against her. Dister, 859 F.2d at 1111.

The critical element is intent of the employer -- proving that the employer specifically intended to interfere with benefits. Dister, 859 F.2d at 1111; see also Berube v. Great Atl. & Pac. Tea Co., 348 F. App'x 684, 687 (2d Cir. 2009) ("To succeed on a Section 510 claim, a plaintiff must demonstrate the employer specifically intended to interfere with benefits."); Giordano v. Thomson, 438 F. Supp. 2d 35, 45 (E.D.N.Y. 2005). "Discharging an employee for the purpose of depriving him of continued participation in a company-provided group health plan is a violation of section 510." Gandelman v. Aetna Ambulance Serv., Inc., 48 F. Supp. 2d 169, 172 (D. Conn. 1999) (quoting Kross v. Western Elec. Co., 701 F.2d 1238, 1243 (7th Cir. 1983)). Plaintiff has sufficiently and plausibly alleged this element of intent. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Accordingly, accepting as I must that these factual allegations will be proved, the complaint states a plausible and legally sufficient claim for relief, including, at this stage, Plaintiff's claim for lost wages and salary incidental to the reinstatement of benefits. See, e.g., Harris v. Finch, Pruyn & Co., 2008 WL 4155638, at *6 (N.D.N.Y. Aug. 26, 2008) ("The prevailing opinion among courts that have considered this issue is that reinstatement of benefits constitutes equitable relief even if it requires a defendant to pay a sum of money."); Sessions v. Owens-Illinois, Inc., 2008 WL 4821755, at *6 (M.D. Pa. Nov. 4, 2008). Defendants' citations to summary judgment opinions are not relevant in this early stage of the case. Cf. Dister v. Cont'l Grp., Inc., 859 F.2d 1108 (2d Cir. 1988); Kelly v. Chase Manhattan Bank, 717 F. Supp. 227 (S.D.N.Y. 1989) (Goettel, D.J.).

Defendants' motion to dismiss is DENIED. The Clerk shall mark the motion terminated (Dkt. No. 16).

4

The Initial Case Management Conference will be held March 4, 2016 at 10:00 a.m.

SO ORDERED

Dated:      February 9, 2016
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge