Fisch Declaration Ex. A
Stipulation of Settlement

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA de LOURDES PARRA MARIN, on
behalf of herself and all other persons similarly
situated,

Plaintiff,

- against -

DAVE & BUSTER'S, INC., and
DAVE & BUSTER'S ENTERTAINMENT,
INC.,

Defendants.

15  Civ.   3608   (AKH)

## SETTLEMENT STIPULATION

This Settlement Stipulation is entered into by and between the Class Representative Maria de Lourdes Parra Marin ("**Plaintiff**" or "**Class Representative**" or "**Ms. Marin**") on behalf of herself and the Settlement Class she seeks to represent, and Defendants Dave & Buster's, Inc. and Dave & Buster's Entertainment, Inc. (collectively, the "**Defendants**" or "**Dave & Buster's**"), to fully and completely settle the putative class claims in the above-captioned matter.

WHEREAS, on May 8, 2015, the Class Representative, on behalf of herself and a "class of persons currently or formerly employed by Dave & Buster's (i) who were participants in an ERISA health insurance plan sponsored by Dave & Buster's (the 'Dave & Buster's Plan'); and (ii) whose hours were involuntarily reduced by Dave & Buster's from on or about June 1, 2013 to the present after the enactment of the Patient Protection and Affordable Care Act ('ACA'), which reductions resulted in either the loss of their insurance coverage under the Dave & Buster's Plan or being offered only inferior health insurance...",  filed a class action complaint

asserting claims under ERISA § 510 for injunctive relief and alleged lost wages, lost benefits, attorneys' fees and costs, interest, and other relief (the "**Complaint**");

WHEREAS, on July 31, 2015, Defendants filed a motion to dismiss all of Plaintiff's claims, which was fully briefed and argued on January 6, 2016, and the Court denied Defendants' motion on February 9, 2016, *see Marin* v. *Dave & Buster's, Inc.*, 159 F. Supp. 3d 460 (S.D.N.Y. 2016);

WHEREAS, Defendants answered the Complaint on March 24, 2016 and expressly denied any wrongdoing and all liability, and the Parties thereafter engaged in discovery, including substantial document production by Defendants;

WHEREAS, the Parties engaged in informal settlement discussions both before and after the Court's February 9, 2016 decision; on March 20, March 21, and June 30, 2017, the Parties participated in private mediation; and on June 30, 2017, reached an agreement in principle to settle the Action as to the putative Class on the terms set forth herein;

WHEREAS, Defendants expressly deny that they have committed any wrongdoing or violated ERISA § 510, vigorously dispute the claims asserted in the Action, and continue to assert that they have strong and meritorious defenses to any and all such claims; and

WHEREAS, to avoid uncertainty and the expense and burdens of further litigation, and after substantial arm's-length settlement negotiations, the Class Representative, on behalf of herself and all other similarly-situated individuals, and Defendants desire to resolve the Action;

**NOW, THEREFORE,** the Parties agree as follows:

1.      **Definitions**.  The following capitalized terms, used in this Settlement Stipulation, shall have the meanings specified below:

a.    **"Action"** means the case *Maria de Lourdes Parra Marin* v. *Dave & Buster's, Inc., and Dave & Buster's Entertainment, Inc.*, No. 15 CV 3608 (S.D.N.Y.).

b.    **"Class Counsel"** means the law firms of Abbey Spanier, LLP, Conover Law Offices, and Frumkin & Hunter LLP.

c.    **"Class Counsel Attorneys' Fees and Lawsuit Costs"** means the amount of attorneys' fees and expenses to be paid to Class Counsel from the QSF (as defined in Section 1(bb)), pursuant to Class Counsel's motion and subject to the Court's approval and the terms described in Section 18 below.

d.    **"Class List"** means a list containing Class Members' names, Social Security numbers, and last-known street addresses and telephone numbers (including but not limited to mobile phone numbers) and email addresses that Defendants shall provide to the Settlement Administrator, as described in Section 10.

e.    **"Class Member Settlement Payment"** means, for each Class Member, whether participating or not, his or her individual settlement payment, to be calculated by the Settlement Administrator as described in Section 11 below, and from which the Class Member's share of payroll taxes shall be deducted.

f.    **"Class Members"** means the individuals falling within the Settlement Class, as described in Section 4, below.

g.    **"Class Period"** means the period of time beginning February 1, 2013 through and including the Preliminary Approval Date.

h.    **"Class Released Claims"** means any and all possible claims, complaints, liabilities, promises, obligations, demands, agreements, damages (including back pay), debts, dues, sums of money, covenants, and lawsuits of any nature

3

whatsoever, that were or could have been asserted based on the facts alleged in the Complaint, and all retaliation claims that were or could have been asserted, against the Released Parties in the Action, whether known or unknown, that accrue up through the Preliminary Approval Date including without limitation all claims for restitution (including interest) and other equitable relief, liquidated damages, interest, compensatory damages, punitive damages, penalties of any nature whatsoever, other compensation or benefits, and attorneys' fees and costs, asserted, or which could have been asserted, against the Released Parties in the Action.

i.       "**Class Representative**" means Plaintiff Maria de Lourdes Parra Marin.

j.       "**Class Settlement Amount**" means seven million four hundred twenty-five thousand dollars ($7,425,000) to be paid by Defendants to fund the QSF (as defined in Section 1(bb)), which will be available for distribution to Participating Class Members (minus any payments for Settlement Administrator Fees and Costs, Incentive Award, Employee Taxes, and Employer Taxes) and for payment of Class Counsel Attorneys' Fees and Lawsuit Costs (subject to the Court's approval, as described in Section 18(a)).

k.       "**Court**" means the United States District Court for the Southern District of New York, and any appellate court which may review any orders entered related to this Settlement Stipulation.

l.       "**Dave & Buster's Plan**" means any of the health insurance options offered by Dave & Buster's only to qualifying full-time employees during the Class Period.

m.       "**Defendants' Counsel**" means Paul, Weiss, Rifkind, Wharton & Garrison LLP.

4

n.   "**Employee Taxes**" means all employee federal, state, and local payroll taxes, including but not limited to Social Security and Medicare taxes, that are payable by Class Members for the payments made to them under this Settlement Stipulation.

o.   "**Employer Taxes**" means all employer federal, state, and local payroll taxes, including but not limited to Social Security, Medicare, federal and state unemployment taxes, and disability insurance taxes, that are payable by Defendants for the payments made to the Class Members under this Settlement Stipulation.

p.   "**Final Approval Hearing**" means the final hearing scheduled before the Court on the question of whether the Settlement, including payment of Class Counsel Attorneys' Fees and Lawsuit Costs, Settlement Administrator Fees and Costs, and the Incentive Award (to be paid from the QSF, as defined in Section 1(bb)), should be finally approved as fair, reasonable and adequate as to the Class Members.

q.   "**Final Approval Motion**" means the request for a Final Approval Order.  The Final Approval Motion shall be filed with the Court by the Class Representative, on behalf of herself and all other similarly situated individuals.

r.   "**Final Approval Order**" means the Court's order granting final approval of this Settlement Stipulation.

s.   "**Incentive Award**" means the amount, if any, approved by the Court as a reasonable incentive award to be paid from the QSF (as defined in Section 1(bb)) to the Class Representative.

5

t.      **"Net Settlement Amount"** means the remainder of the Class Settlement Amount, which shall be used to pay the Class Member Settlement Payments after deductions for Court-approved Class Counsel Attorneys' Fees and Lawsuit Costs, Incentive Award, Settlement Administrator Fees and Costs approved by the Court, and Employer Taxes.

u.      **"Notice"** means a document substantially in the form attached hereto as Exhibit A, which shall be issued in English and Spanish, or as otherwise approved by the Court.

v.      **"Notice Period"** means the period beginning immediately after the Settlement Administrator (as defined in Section l(ee)) first mails the Notice (as defined in Section l(u)) to any of the Class Members (as defined in Section l(f)) until the deadline to return a Request for Exclusion, as described in Section 12(h).

w.      **"Participating Class Members"** means Class Members who do not exclude themselves by submitting a timely Request for Exclusion (as defined in Section 1(dd)).

x.       **"Parties"** means Dave & Buster's and the Class Representative, acting on behalf of herself and all other similarly situated individuals.

y.      **"Preliminary Approval Date"** means the date the Preliminary Approval Order is entered by the Court.

z.      **"Preliminary Approval Motion"** means the request for a Preliminary Approval Order, which Order shall be substantially in the form attached as Exhibit B, or as otherwise approved by the Court.  The Preliminary Approval Motion shall be

filed with the Court by the Class Representative, on behalf of herself and all other similarly situated individuals.

aa.    "**Preliminary Approval Order**" means the Court's order preliminarily approving this Settlement, which Order shall be substantially in the form attached as Exhibit B, or as otherwise approved by the Court.

bb.    "**QSF**" means the qualified settlement fund to be established and administered by the Settlement Administrator and funded by Dave & Buster's for the purpose of holding the Class Settlement Amount in its entirety. The Parties intend that the settlement fund be a qualified settlement fund within the meaning of Treasury Regulation § 1.468B-1. In no event shall Dave & Buster's be required to pay an amount in excess of the Class Settlement Amount (as defined in Section 1(j)) to fund the QSF. If the QSF is held in an interest-bearing account, then any interest that accrues shall be included in the Net Settlement Amount. The QSF will be controlled by the Settlement Administrator subject to the terms of this Settlement Stipulation and the Court's orders.

cc.    "**Released Parties**" means Defendants and any and all of Defendants' past, present, and future parents, subsidiaries, affiliates, and divisions, and each of their past, present, and future shareholders, officers, partners, directors, legal representatives, members, principals, managers, employees, fiduciaries, trustees, employee retirement or benefit plans (and the trustees, administrators, fiduciaries, agents, representatives, insurers and re-insurers of such plans), agents, insurers, re-insurers, heirs, administrators, executors, successors, and assigns, each whether acting in his or her official or individual capacity, and all persons and/or entities

acting by, through, under, or in concert with any of them and any individual or entity which could be jointly liable with any of them, each whether acting in his or her official or individual capacity.

dd. **"Request for Exclusion"** means a written, signed statement that an individual Class Member has decided to opt-out and not be included in this Settlement. Requests for Exclusion must conform to the requirements described in Section 12(h).

ee. **"Settlement Administrator"** means Strategic Claims Services.

ff. **"Settlement Administrator Fees and Costs"** means a reasonable amount to be paid to the Settlement Administrator from the QSF for administering the Settlement, subject to the Court's approval and the limitations described in Section 8(e) below.

gg. **"Settlement Check"** means the check that each Participating Class Member will receive, equaling the amount of a Participating Class Member's Class Member Settlement Payment and Incentive Award (if any), less the Participating Class Member's share of applicable payroll taxes, to be sent by the Settlement Administrator as described in Section 13(a).

hh. **"Settlement Effective Date"** means:

    (i)    If no appeal is taken from the Final Approval Order (as defined in Section 1(r)), thirty-five (35) calendar days after the Court's entry of the Final Approval Order; or

    (ii)    If an appeal or other judicial review of the Final Approval Order has been taken or sought, the date on which all such appeals (including, *inter alia*,

8

petitions for rehearing or reargument, petitions for rehearing *en banc*, and petitions for *certiorari* or any other form of review) have been finally adjudicated and the Final Approval Order can no longer be appealed or reviewed.

ii.    **"Settlement Stipulation"** or **"Settlement"** means the terms described in this agreement.

2.    **Class Settlement Consideration**.   In consideration of the agreements made in this Settlement Stipulation, and in full and complete settlement of the Action as to the putative class claims, Defendants shall pay no more than the Class Settlement Amount (as defined in Section 1(j)), consisting of seven million four hundred twenty-five thousand dollars ($7,425,000) to be paid by Defendants to fund the QSF (as defined in Section 1(bb)), which will be available for distribution to Participating Class Members (minus any payments for Settlement Administrator Fees and Costs, Incentive Award, Employee Taxes, and Employer Taxes), and for payment of Class Counsel Attorneys' Fees and Lawsuit Costs (subject to the Court's approval, as described in Section 18(a)).

3.    **No Admission of Liability and No Concession as to the Merits**.   Dave & Buster's expressly denies that it violated the law in any manner alleged in or related to the Complaint in this Action.  The Parties enter into this Settlement Stipulation to avoid the risks, uncertainty, inconvenience, expense, and burden of further disputes and litigation. Neither the Settlement Stipulation nor any of its terms shall constitute an admission or finding of wrongful conduct, acts, or omissions on the part of any Released Party, or be admissible as evidence of any such wrongful act or omission in any judicial, arbitral, administrative, or investigative proceeding.

4.    **Settlement Class.**

a.    The Parties shall ask the Court to certify a Settlement Class consisting of two sub-classes:

(i)    **"Lost Hours and Benefits Sub-Class"** – all persons currently or formerly employed by Dave & Buster's as hourly wage, full-time employees who were enrolled in full-time healthcare insurance benefits under the Dave & Buster's Plan at any point from February 1, 2013 through the Preliminary Approval Date, and whose full-time hours were reduced to part-time by Dave & Buster's at any time between May 8, 2013 and the Preliminary Approval Date, which reductions resulted in the loss of wages and the loss of full-time healthcare insurance benefits under the Dave & Buster's Plan, except that employees who were promoted to management or a position at headquarters at any point during the Class Period are excluded from this sub-class.

(ii)    **"Lost Hours and Eligibility Sub-Class"** – all persons currently or formerly employed by Dave & Buster's as hourly wage, full-time employees at any point from February 1, 2013 through the Preliminary Approval Date, and whose full-time hours were reduced to part-time by Dave & Buster's at any time between May 8, 2013 and the Preliminary Approval Date, which reductions resulted in the loss of wages and the loss of eligibility for full-time healthcare insurance benefits under the Dave & Buster's Plan, except that employees who were promoted to management

10

or a position at headquarters at any point during the Class Period are excluded from this sub-class.

b.     Together, the Lost Hours and Benefits Sub-Class and the Lost Hours and Eligibility Sub-Class are the "Settlement Class."

c.     A member of the Settlement Class may be a member of the Lost Hours and Benefits Sub-Class or the Lost Hours and Eligibility Sub-Class, but not both.

5.     **Certification**. The Parties will propose to the Court that the Settlement Class be certified pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3).

6.     **Releases**.

a.     <u>Class Members' Release</u>. Subject to final approval by the Court of the Settlement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, all Class Members who do not exclude themselves by submitting a timely Request for Exclusion (as defined in Section 1(dd)), on behalf of themselves, their spouses, heirs, executors, administrators, successors, assigns, and other personal representatives, freely and unconditionally relinquish, waive, release, and forever discharge each of the Released Parties (as defined in Section 1(cc)) from any and all possible claims, complaints, liabilities, promises, obligations, demands, agreements, damages (including back pay), debts, dues, sums of money, covenants, and lawsuits of any nature whatsoever, that were or could have been asserted based on the facts alleged in the Complaint, and all retaliation claims that were or could have been asserted against the Released Parties in the Action, whether known or unknown, that accrue up through the Preliminary Approval Date, including without

11

limitation all claims for restitution (including interest) and other equitable relief, liquidated damages, interest, compensatory damages, punitive damages, penalties of any nature whatsoever, other compensation or benefits, and attorneys' fees and costs, asserted, or which could have been asserted, against the Released Parties in the Action.

b.      Upon the Settlement Effective Date, all Class Released Claims against Released Parties shall be fully, finally, and forever released, relinquished, and discharged with prejudice and on the merits, without costs to any party (other than as provided herein).

c.      Each Class Member who does not exclude him/herself by submitting a timely Request for Exclusion (as defined in Section 1(dd)) agrees not to institute or receive any other relief from any other suit, administrative claim, or other claim of any sort or nature whatsoever, and specifically waives any and all claims against the Released Parties for damages or other relief relating to the Class Released Claims that accrue up through the Preliminary Approval Date.

d.      Nothing in the Settlement Stipulation shall be construed to bar any claims of Class Members that arise from conduct arising after the Preliminary Approval Date, nor does this Settlement Stipulation bar any claims to enforce the Settlement Stipulation.

e.      Class Members who do not timely opt out shall, upon the Settlement Effective Date, be deemed to have fully, finally, and irrevocably waived, released, and discharged the Released Parties from any and all Class Released Claims arising at

12

any time through the Preliminary Approval Date, whether or not they cash their Settlement Check.

7.    **Mutual Full Cooperation/Submission of Settlement to Court for Approval.**

   a.    The Parties will work in good faith with each other and the Settlement Administrator to effectuate the terms of this Settlement Stipulation, including but not limited to, preparing and executing documents necessary to implement this Settlement Stipulation, preparing and filing of a Preliminary Approval Motion, obtaining the Court's preliminary and final approval of this Settlement Stipulation, obtaining certification of the Settlement Class and the appointment of Class Counsel, and defending this Settlement Stipulation from any legal challenge.

   b.    Class Counsel shall be responsible for drafting the Preliminary Approval Motion, which draft shall be presented to Defendants' Counsel as soon as practicable before filing. Defendants reserve the right to oppose or supplement the motion as they deem appropriate. Class Counsel shall use their best efforts to coordinate with Defendants' Counsel regarding the submission of the papers necessary to obtain a Preliminary Approval Order.

   c.    Class Counsel shall be responsible for drafting the Final Approval Motion, which draft shall be presented to Defendants' Counsel as soon as practicable before filing.  Defendants reserve the right to oppose or supplement the motion as they deem appropriate. The Class Representative, on behalf of herself and all other similarly situated individuals, shall file the Final Approval Motion no later than seven (7) calendar days before the Final Approval Hearing, unless the Court requests otherwise.

13

8.      **Settlement Administrator.**

    a.      The Parties have jointly selected and agreed on the Settlement Administrator, who shall serve as the administrator of the Settlement and perform the services described in this Settlement Stipulation and any other services mutually agreed to by the Parties.   The Settlement Administrator shall be required to sign a confidentiality and indemnification agreement with the Parties.  The Parties shall negotiate and agree expeditiously on such an agreement, the terms of which must be in accordance with the terms of this Settlement Stipulation and acceptable to Defendants.

    b.      The Parties, through their counsel, shall cooperate in good faith to resolve any disputes regarding the Settlement Administrator's ability or need to perform certain duties under this Settlement Stipulation, and any unresolved disputes shall be referred to the Court.   The Settlement Administrator shall disseminate the Notice, using the attachment to this Settlement Stipulation and records provided by Dave & Buster's in accordance with this Settlement Stipulation and Court order.  The Settlement Administrator shall report on at least a bi-weekly basis, in summary or narrative form, the substance of its findings, as described in Section 8(d).

    c.      Dave & Buster's shall provide the Settlement Administrator with certain data regarding the Class Members, as described in accordance with Section 10(b), in order for the Settlement Administrator to perform its duties, provided, however, that the Settlement Administrator shall maintain this data as confidential.  All data and information provided by Dave & Buster's shall not be disclosed to the Class

14

Representative or anyone else external to the Settlement Administrator without the written consent of Dave & Buster's. Notwithstanding the immediately preceding sentence, the Settlement Administrator will provide all data and information regarding the Class Members to Class Counsel on an anonymized basis.

d.     The Parties shall have equal access to the Settlement Administrator. The Settlement Administrator shall provide regular reports to the Parties' counsel regarding the status of the mailing of the Notice to Class Members, the claims administration process, and the distribution of payments to Participating Class Members, provided, however, that the Settlement Administrator shall not disclose any identifying information to Class Counsel except pursuant to Sections 8(c) and 10(c) of this Settlement Stipulation.

e.     The Settlement Administrator shall be paid its reasonable and actual fees and costs from the QSF, which fees and costs shall be subject to approval by the Court. The Settlement Administrator Fees and Costs approved by the Court shall be paid to the Settlement Administrator no later than twenty (20) calendar days after the Settlement Effective Date.

f.     Should the Settlement Administrator determine that any of the dates and deadlines contained in this Settlement Stipulation are not feasible, the Settlement Administrator shall alert the Parties' counsel and request an alternative date or deadline. The Parties will agree to any reasonable request by the Settlement Administrator to alter dates or deadlines, provided that agreeing to the request

15

would not cause the entire notice and administration process to take longer than one hundred sixty-five (165) days.

9.    **Notices Mandated by Statute**.  No later than ten (10) calendar days after the date on which the Class Representative, on behalf of herself and all other similarly situated individuals, files the Preliminary Approval Motion, the Settlement Administrator shall prepare and mail notices of the Settlement to all "Appropriate Federal Officials" and "Appropriate State Officials," as required by the Class Action Fairness Act, 28 U.S.C. § 1715.  The costs related to these Class Action Fairness Act notices shall be paid from the QSF, and are part of the Settlement Administrator Fees and Costs.

10.    **Information to be Provided by Defendants.**

a.    Dave & Buster's shall work cooperatively and in good faith with Class Counsel and the Settlement Administrator to facilitate the notice and claims process.

b.    No later than ten (10) calendar days after the Preliminary Approval Date, Dave & Buster's shall provide to the Settlement Administrator, to the extent Dave & Buster's has such information, a Class List containing Class Members' names, Social Security numbers, last known street addresses, telephone numbers (including but not limited to mobile phone numbers), and email addresses.  No later than ninety (90) calendar days after the Preliminary Approval Date, Dave & Buster's shall also provide the Settlement Administrator with Class Members' payroll data, including wage rate(s), hours worked, and benefits enrollment data. Each Class Member will be assigned a unique, anonymous identification number which shall be utilized consistently on the information provided by Dave & Buster's to the Settlement Administrator pursuant to this Subsection, on all forms

16

sent to Class Members, and in all reports provided by the Settlement Administrator to Class Counsel pursuant to this Settlement Stipulation.

c.      The Settlement Administrator will share anonymized data and information regarding the Class Members with Class Counsel pursuant to Section 8(c). The Settlement Administrator shall respond to general Class Member inquiries, although those seeking legal counsel shall be referred to Class Counsel with any information necessary, including identifying information, to assist Class Counsel in providing guidance to the Class Member. Additionally, if a Class Member contacts Class Counsel regarding his or her potential participation in this Settlement, upon request, the Settlement Administrator shall provide Class Counsel with any and all data about such individual, including any identifying information, (but not about any other Class Member), in order to enable Class Counsel to respond to the Class Member's inquiry. In the event that the Settlement Administrator provides such information to Class Counsel, the Settlement Administrator shall keep records of the request and the information provided. Except as otherwise provided in Section 8(c) and this Subsection, the Settlement Administrator shall not disclose any identifying information to Class Counsel for Class Members.

11.   **Determining Settlement Payments.**

a.      The Parties have agreed to the allocation formula attached as Exhibit C, which is subject to review by the Settlement Administrator. The Settlement Administrator shall calculate each Class Member Settlement Payment using the allocation

17

formula attached as Exhibit C.  Such formula may be modified, if necessary, upon written consent of the Parties.

b.   No later than ten (10) calendar days after the Final Approval Hearing, the Settlement Administrator shall calculate each Class Member Settlement Payment (which, as defined in Section 1(e), includes all Class Members, including those Class Members who are not Participating Class Members), after setting aside a portion of the QSF sufficient to pay the Incentive Award, Settlement Administrator Fees and Costs, Class Counsel Attorneys' Fees and Lawsuit Costs, and Employer Taxes.  The Settlement Administrator shall then provide its calculations of the Class Member Settlement Payments to Class Counsel and to Defendants' Counsel no later than three (3) calendar days after completing such calculations, provided, however, that the Settlement Administrator shall not disclose any identifying information to Class Counsel for Class Members other than Plaintiff.  Class Counsel, Defendants' Counsel, and Dave & Buster's shall have ten (10) calendar days to review, verify, and comment on the calculations provided by the Settlement Administrator.  The Settlement Administrator shall review any comments received from Class Counsel and/or Defendants' Counsel and shall finalize the calculations of the Class Member Settlement Payments no later than five (5) calendar days after receipt of such comments.

c.   The Settlement Administrator shall have sole responsibility for the calculations of Class Member Settlement Payments, except as provided in Subsection 11(b). Defendants, Defendants' Counsel, and Class Counsel shall have no liability, obligation, or responsibility for such calculations.  The Settlement Administrator

18

shall agree to indemnify Defendants, Defendants' Counsel, and Class Counsel for costs and liability arising out of any claim regarding the calculations of Class Member Settlement Payments by the Settlement Administrator.

12. **Notice Process.**

a.      Any Class Member who previously released claims that would otherwise be covered by this Settlement Stipulation, or who obtained a final judicial determination concerning claims that would otherwise be covered by this Settlement Stipulation, is not eligible to receive a Class Member Settlement Payment for those claims.

b.      Form of Notice.  The Notice provided to each Class Member shall inform him/her of: the Settlement; the claims he/she is releasing by not submitting a Request for Exclusion; the formula that will be used to calculate the Class Member Settlement Payments (as set forth in Exhibit C); and identification number(s) that can be used to identify the Class Member.  The Notice will explain that the Class Member Settlement Payment will be a proportionate share of the QSF, as determined by the Settlement Administrator pursuant to a formula and based on a number of factors, including: (1) the Class Member's wages during the Class Period; (2) the extent of the Class Member's reduction in hours during the Class Period; (3) the duration of the Class Member's employment at Dave & Buster's during the Class Period; (4) the Class Member's enrollment in and/or eligibility for the Dave & Buster's Plan during the Class Period; and (5) the fact that no compensation for the loss of wages will be given to a Class Member for any period in which such Class Member worked full-time hours, and no compensation for the loss of

19

eligibility for benefits will be given to a Class Member for any period in which such Class Member met Dave & Buster's criteria for granting full-time status to hourly employees and therefore was eligible for health insurance benefits under the Dave & Buster's Plan.

c.    <u>Sending the Notice</u>.  No later than thirty (30) calendar days after the Preliminary Approval Date, the Settlement Administrator, to the extent contact information is available, shall send the Notice to each Class Member that has been identified.

d.    <u>Returned Notices</u>.  If a Class Member's Notice is returned with a forwarding address, the Settlement Administrator shall promptly re-mail the Notice to the forwarding address.  If undeliverable Notices are returned without a forwarding address, the Settlement Administrator shall use standard skip-tracing devices based on LexisNexis or similar databases to obtain forwarding address information and re-mail the Notices to those Class Members.  No Notice shall be mailed after the Notice Period, unless otherwise agreed by the Parties or ordered by the Court.

e.    <u>Additional Forms of Notice</u>.  If the Court proposes or orders additional forms of notice and settlement administration, such additional costs shall be paid out of the QSF as part of the Settlement Administrator Fees and Costs.

f.    <u>Declaration of Settlement Administrator</u>.  The Parties shall provide to the Court with the Final Approval Motion a declaration by the Settlement Administrator detailing its due diligence and summarizing proof of mailing with regard to the Notices and its compliance with the Class Action Fairness Act.  The declaration shall also identify the number of Requests for Exclusion and any objections.

g.  <u>Objecting to the Settlement</u>.  Class Members may object to the Settlement by following the instructions described in the Notice.  To be valid, an objection must be postmarked or otherwise returned (via facsimile or email) to the Settlement Administrator no later than eighty (80) calendar days after the Notice is first mailed to Class Members.  The Settlement Administrator shall send to the Parties' counsel copies of all objections no later than two (2) calendar days after their receipt, as they are received, and Class Counsel shall file such objections with the Court prior to the Final Approval Hearing.  Dave & Buster's may submit additional records and/or information to the Settlement Administrator and Class Counsel in response to any Participating Class Member's objection, and the Settlement Administrator may consider the information submitted by Dave & Buster's and the Class Member before it makes a decision as to the amount of any payment in accordance with Section 11(a) and (b).

h.  <u>Exclusions from the Settlement</u>.  Class Members may exclude themselves from the Settlement by submitting a timely Request for Exclusion to the Settlement Administrator by following the procedures set forth below for opting out:

(i)  Any Class Member who chooses to opt out of the Settlement as set forth in this Settlement Stipulation must submit a written, signed statement to the Settlement Administrator by first-class United States mail (postage prepaid), facsimile, or email that: (1) includes his or her name, address, and telephone number; and (2) unconditionally states an intention to opt out of the Settlement, such as: "I opt out of the class action litigation against Dave & Buster's."

21

(ii) To be effective, a Request for Exclusion must be postmarked or otherwise received by the Settlement Administrator no later than eighty (80) calendar days after the Notice is first mailed to Class Members. Requests for Exclusion that are not postmarked or otherwise received by the Settlement Administrator during the Notice Period are null and void, unless otherwise agreed to in writing by the Parties or approved by the Settlement Administrator. It is the responsibility of the Class Member submitting the Request for Exclusion to retain a copy of the Request for Exclusion and proof of timely submission.

(iii) The Settlement Administrator will stamp the postmark date or date received on the original of each Request for Exclusion that it receives. The Settlement Administrator shall also send copies of all Requests for Exclusion to Class Counsel and Defendants' Counsel no later than two (2) calendar days after their receipt, as they are received, and shall file all Requests for Exclusion with the Court prior to the Final Approval Hearing.

(iv) Within five (5) calendar days following the end of the Notice Period, the Settlement Administrator shall send a final list of all Requests for Exclusion to Class Counsel and Defendants' Counsel by email. To the extent any Requests for Exclusion are timely postmarked but received after the final list of all Requests for Exclusion is sent to Class Counsel and Defendants' Counsel by email, the Settlement Administrator shall send an updated list of all Requests for Exclusion to Class Counsel and

Defendants' Counsel by the next business day following the Settlement Administrator's receipt of any such Requests for Exclusion. The Settlement Administrator will retain the stamped originals of all Requests for Exclusion and originals of all envelopes accompanying Requests for Exclusion in its files until such time as the Settlement Administrator is relieved of its duties and responsibilities under this Settlement Stipulation.

(v)   Upon the Settlement Effective Date, all Class Members who have not properly submitted a Request for Exclusion that satisfies the requirements described in Subsection (h) of this Section will be bound by the Settlement and the terms of this Settlement Stipulation, and will have released their Class Released Claims, as set forth in this Settlement Stipulation and as approved by the Court.

13.   **Payments to Participating Class Members/Taxation**.

a.   No later than thirty (30) calendar days after the Settlement Effective Date, the Settlement Administrator shall mail the Settlement Checks to each Participating Class Member (*i.e.*, those Class Members who have not excluded themselves by submitting a timely Request for Exclusion, as defined in Section 12(h)) in the amount of each Participating Class Member's respective Class Member Settlement Payment and Incentive Award (if any) less the Participating Class Member's share of payroll taxes. The Settlement Checks shall be written from the QSF's bank account.

b.   Settlement Checks shall not be re-sent to addresses from which Notices have been returned as undeliverable after two attempts.

23

c.      The Settlement Administrator will establish, for tax purposes, the allocation of the payments made to the Participating Class Members to wages, non-wages, or such other tax character of such payout as the Settlement Administrator may determine, based on the principles set forth in Treas. Reg. §1.468B-4 by reference to the claims pursuant to which distributions are made and as if Dave & Buster's made such payments directly to the Participating Class Members. An IRS Form W-2 shall be issued for the portion of the Settlement Check designated as "wages." An IRS Form 1099-MISC shall be issued for the portion of the Settlement Check designated as "non-wages."

d.      Each Settlement Check shall expire one hundred and eighty (180) calendar days after it is dated. Any unclaimed funds shall revert back to the QSF and shall be subject to Reversion to Dave & Buster's and re-distribution to Class Members, as described in Section 15 below.

e.      <u>Payroll Taxes</u>. The Settlement Administrator shall calculate, report, and pay the payroll taxes owed by Defendants and Participating Class Members from the QSF to the applicable taxing authorities on a timely basis in accordance with applicable law.

14.    **<u>Defendants' Right to Rescind the Settlement Stipulation.</u>**

a.      Defendants shall have the right, at their sole option, to void and rescind this Settlement Stipulation if five percent (5%) or more of Class Members exclude themselves from this Settlement.

b.    If five percent (5%) or more of Class Members exclude themselves from this Settlement, the Settlement Administrator will notify the Parties within ten (10) calendar days of having reached the five percent (5%) threshold.

c.    If Defendants wish to exercise their right to void and rescind this Settlement Stipulation under this Section, they must do so by written communication to Class Counsel no later than ten (10) calendar days after the Settlement Administrator provides such notice.

15.  **Reversion**.

a.    <u>Reversion to Defendants</u>.  The first three hundred thousand dollars ($300,000) of funds remaining in the QSF ("Reversion Amount") not claimed by Class Members because: (i) a Class Member cannot be located by the Settlement Administrator during the Notice Period; (ii) a Class Member files a Request for Exclusion to opt out of this Settlement; (iii) a Class Member's Settlement Check has been returned or not cashed within the one hundred eighty (180) calendar-day period provided for doing so; or (iv) for any other reason, shall revert back to Dave & Buster's.  It is the intention of the Parties that any such funds from the Settlement Checks of any Class Members which are not cashed within the 180-day period provided for doing so will not escheat to any applicable jurisdiction, and will instead revert back to Dave & Buster's up to $300,000 to the fullest extent allowed by law.

b.    <u>Remaining Funds</u>.  Any amount over the Reversion Amount remaining in the QSF following any reversion to Dave & Buster's (as described in Section 15(a)) will be re-distributed, after payment of any unpaid costs or fees incurred in

25

administering such re-distribution, to those Class Members whose Settlement Checks were cashed, following the same pro-rata formula used to calculate the Class Member Settlement Payments, if both Class Counsel and Defendants' Counsel agree that it is cost effective to re-distribute the remaining funds. If any funds remain in the QSF following one hundred eighty (180) calendar days (i) after such re-distribution, or (ii) after reversion to Dave & Buster's, if no re-distribution occurred, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) jointly designated by Class Counsel and Dave & Buster's.

16.   **Funding the QSF.**

a.   No later than fourteen (14) calendar days after the Preliminary Approval Date, Defendants shall transfer fifty-thousand dollars ($50,000), into the QSF to cover Settlement Administrator Fees and Costs, as such costs are incurred.

b.   No later than ten (10) calendar days after the Settlement Effective Date, or as soon thereafter as is commercially reasonable to comply with the Settlement Administrator's instructions, Dave & Buster's shall deposit the remainder of the Class Settlement Amount, seven million three hundred seventy-five thousand dollars ($7,375,000) into the QSF to cover the Class Member Settlement Payments, Class Counsel Attorneys' Fees and Lawsuit Costs, Incentive Award, any remaining Settlement Administrator Fees and Costs, and the Employer Taxes.

c.   Following the release of the Class Settlement Amount by Dave & Buster's, Dave & Buster's shall have no responsibility, financial obligation, or liability whatsoever with respect to the QSF. Rather, the Settlement Administrator shall

have sole responsibility for the administration of such funds and income thereon, disbursements of such funds, and payment of the Employee and Employer Taxes, taxes imposed on the Settlement Fund, and administrative costs in accordance with the terms of Section 13 of this agreement.

17.   **Tax Treatment.**

a.    <u>Qualified Tax Status and Tax Responsibilities.</u>  The QSF shall be established as a "qualified settlement fund" within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation Section 1.468B-1, *et seq.*, and shall be administered by the Settlement Administrator under the Court's supervision.  Dave & Buster's shall hereby be deemed to have made an election under Section 468B of the Revenue Code to have the QSF treated as a "qualified settlement fund."  Dave & Buster's shall timely furnish a statement to the Settlement Administrator, who shall serve as Trustee of the QSF, that complies with Treasury Regulation Section 1.468B-3(e) and shall attach a copy of the statement to its federal income tax return that is filed for the taxable year in which Dave & Buster's makes the required payment(s) to the QSF.  The Parties shall cooperate to ensure such treatment and shall not take a position in any filing or before any tax authority inconsistent with such treatment.  In addition, the Settlement Administrator, as required, shall do all things that are necessary or advisable to carry out the provisions of this Section 17 and ensure that the QSF is treated as a qualified settlement fund under the meaning of the Treasury Regulation.

b.   <u>Taxes Arising Out of Income Earned by the QSF</u>. All taxes arising with respect to the income earned by the QSF, including any taxes or tax consequences that may be imposed upon the Defendants with respect to any income earned by the QSF for any period during which the settlement fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes and any expenses and costs incurred in connection with the payment of taxes pursuant to this Section (including without limitation, expenses of tax attorneys and/or accountants; mailing, administration, and distribution costs; expenses relating to the filing or the failure to file all necessary or advisable tax returns and taxes imposed on amounts payable to or on behalf of the Defendants pursuant to this Section), shall be paid out of the QSF. The Defendants shall not have any liability or responsibility for any taxes or other tax expenses. The Settlement Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the QSF and the distributions and payments therefrom, including, without limitation, the tax returns described in Treasury Regulation Section 1.468B-2. Such tax returns shall be consistent with the terms herein and in all events shall reflect that all taxes on the income earned by the QSF shall be paid out of the settlement fund. The Settlement Administrator shall also timely pay any applicable taxes and tax expenses out of the QSF, and is authorized to withdraw from the QSF, without prior order of the Court, any amounts necessary to pay such taxes and other tax expenses. Dave & Buster's shall not have any responsibility or liability for the acts or omissions of Class Counsel, the Settlement Administrator, or their agents, as described herein.

28

18.   **Attorney's Fees and Lawsuit Costs.**

a.   Class Counsel shall move for Court approval of Class Counsel Attorneys' Fees and Lawsuit Costs in an amount which does not exceed thirty-three percent (33%) of the Settlement Amount, and if so, Defendants shall not contest such application. Any Class Counsel Attorneys' Fees and Lawsuit Costs approved by the Court shall be payable solely from the QSF. Pursuant to Fed. R. Civ. P. 23(h) and ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), Class Counsel shall move for Court approval of Class Counsel Attorneys' Fees and Lawsuit Costs simultaneously with their Final Approval Motion. The Class Counsel Attorneys' Fees and Lawsuit Costs awarded to Class Counsel shall be at the sole discretion of the Court, and this Settlement is not contingent upon the Court's approval of such Class Counsel Attorneys' Fees and Lawsuit Costs.

b.   The Settlement Administrator shall pay Class Counsel Attorneys' Fees and Lawsuit Costs awarded by the Court to Class Counsel from the QSF no later than twenty (20) calendar days after the Settlement Effective Date.

c.   Payments made pursuant to this Section 18 shall be reported to all applicable taxing authorities by the Settlement Administrator on IRS Form 1099-MISC.

d.   Any portion of the Class Counsel Attorneys' Fees and Lawsuit Costs not approved by the Court or not sought by Class Counsel shall be included in the Net Settlement Amount and shall be distributed to Participating Class Members in accordance with the terms of this Settlement Stipulation.

e.   Dave & Buster's payment of Class Counsel Attorneys' Fees and Lawsuit Costs as described in this Section shall constitute full satisfaction of Dave & Buster's

29

obligation to pay any person, attorney, or law firm for attorneys' fees, costs, and expenses incurred on behalf of Class Members, and shall relieve Dave & Buster's from any other claims or liability as to any other attorney or law firm or person for any attorneys' fees, expenses, and costs to which any of them may claim to be entitled on behalf of Class Members that are in any way related to the Class Released Claims (as described in Section 6(a)).

19.   **Incentive Award.**

a.   Class Counsel shall move for Court approval of an Incentive Award (not to exceed thirty-five thousand dollars ($35,000)) for the Class Representative simultaneously with their Final Approval Motion. The Incentive Award shall be at the sole discretion of the Court, and this Settlement is not contingent upon the Court's approval of such Incentive Award.

b.   Any Incentive Award approved by the Court shall be payable solely from the QSF. Defendants shall not oppose Class Counsel's motion for the payment of such Incentive Award, subject to the limitations herein.

c.   Any Incentive Award approved by the Court shall be in addition to the Class Member Settlement Payment otherwise owed to the Class Representative. The Settlement Administrator shall pay such Incentive Award from the QSF no later than twenty (20) calendar days after the Settlement Effective Date.

d.   Payments made pursuant to this Section 19 shall be reported to all applicable taxing authorities by the Settlement Administrator on IRS Form 1099-MISC.

e.      Any portion of the Incentive Award not approved by the Court shall be included in the Net Settlement Amount and shall be distributed to Participating Class Members in accordance with the terms of this Settlement Stipulation.

20.     **Responsibility for Any Additional Taxes**.

a.      Should any taxing authority determine that any additional taxes are payable for the payments made to any Participating Class Member or the Plaintiff under this Settlement (other than taxes attributed to the wage portion of the Settlement, which will be deducted from the QSF and paid, as required, to the applicable taxing authorities by the Settlement Administrator), such Participating Class Member or Plaintiff shall be solely responsible for the payment of those taxes, plus applicable interest.

b.      As the Settlement Administrator shall be responsible for paying the Employee and Employer Taxes out of the QSF, to the extent that there is an error regarding the payroll taxes owed by each of Participating Class Members and Defendants, the Settlement Administrator shall indemnify the Participating Class Members and/or Defendants for any penalty or interest arising out of an incorrect allocation, calculation, or reporting, or late payment of the same.

c.      Any non-wage amounts paid from the QSF will be reported, if required, to the IRS on IRS Form 1099-MISC.

d.      Class Counsel agree that they shall be solely responsible for the payment of any and all taxes due as a result of Class Counsel's receipt of payments made for Class Counsel Attorneys' Fees and Lawsuit Costs under this Settlement.

31

21.    **Settlement Payments Do Not Trigger Additional Benefits**.    All payments to Participating Class Members and Plaintiff shall be deemed to be paid to such Participating Class Members and Plaintiff solely in the year in which such payments actually are received by the Participating Class Members and Plaintiff. The Parties agree and the Class Members acknowledge that, notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement, the payments provided for in this Settlement Stipulation are the sole payments to be made to the Class Members and Plaintiff with respect to the claims released herein, and that the Class Members and Plaintiff are not entitled to any new or additional compensation or benefits as a result of having received such payments.

22.    **Settlement Contingent on Court Approval.**

   a.    This Settlement Stipulation is contingent upon the Court's approval of the Settlement.  If the Court does not grant preliminary or final approval or the Settlement Effective Date does not occur, this Settlement Stipulation may be voided at any Party's option, in which case this Settlement Stipulation (including its Exhibits) will become null and void, and shall not be used for any purpose, including, without limitation, in connection with this Action or any other lawsuit, administrative or other legal proceeding, claim, investigation, or complaint.  In such an event, the Parties shall resume the Action, unless the Parties jointly agree to seek reconsideration or appellate review of the decision denying preliminary or final approval, or attempt to renegotiate the Settlement and seek Court approval of a renegotiated settlement.

b.      In the event any such reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement is not approved:

(i)      The Parties shall be deemed to have reverted *nunc pro tunc* to their respective statuses as of the date and time immediately before the execution of this Settlement Stipulation and they shall proceed in all respects as if this Settlement Stipulation and related orders had not been executed and without prejudice in any way from the negotiation, fact, or terms of this Settlement, and without prejudice to the claims, defenses, or rights of any Party.  In that event, any class or sub-class certified for purposes of settlement shall be decertified.  Dave & Buster's shall retain the right to assert all applicable defenses and challenge all claims and allegations, including but not limited to contesting whether this Action should be maintained as a class action and contesting the merits of the claims being asserted by Plaintiff in this Action.  Class Members retain the right to assert all applicable claims and allegations in the ongoing Action.

(ii)     If the Settlement Administrator has already sent copies of the Notice to Class Members, the Settlement Administrator shall provide notice to Class Members that the Settlement did not receive final approval and that, as a result, no payments will be made to Class Members under the Settlement. Such notice shall be mailed and emailed to the Class Members using the addresses used by the Settlement Administrator in sending the Notice, and the cost of such notice shall be shared by the Parties.

23.    **Non-Disclosure and Communications.**

a.    Aside from the disclosures in the Notice attached hereto as Exhibit A and in court papers, or as otherwise permitted or required by law, the Parties and their counsel agree to maintain the confidentiality of the negotiation (including all drafts) and mediation process that led to this Settlement Stipulation, as well as the information and documents exchanged between the Parties and the mediator during the mediation process, which were exchanged solely for purposes of settlement and compromise only. Any information provided to Class Counsel by Defendants pursuant to this Settlement Stipulation or otherwise in connection with implementation of the Settlement shall be used solely for purposes of implementing this Settlement and for no other purpose.

b.    The Parties and their counsel shall not, directly or indirectly, publicly disseminate any information about the Settlement, this Settlement Stipulation, or the Settlement negotiations, or otherwise publicize the existence or terms of the Settlement, this Settlement Stipulation, or the negotiations leading up to the Settlement and Settlement Stipulation, except that i) to the extent that the Parties or their counsel receive any inquiry about the Settlement or the Settlement Stipulation, they shall be permitted to respond by stating that the Parties have reached an agreement that they believe is a fair and reasonable settlement of the disputed claims, may provide information that is in the public record, and may also refer the inquirer to the contents of publicly filed documents; and ii) the Parties' counsel may post publicly available information about the Settlement or the Settlement Stipulation on their firm websites or in firm materials. For avoidance of doubt, unless an inquiry is received such that (i) in Subsection 23(b)

above would apply, the Parties and their counsel agree that they may not discuss the Settlement, this Settlement Stipulation, or the Settlement negotiations in any press release, at any press conference, or at any private or public conference or panel, unless any such conference or panel is conducted solely for members of the Parties' counsel's firms.

c.   Parties and their counsel shall not issue any notice of or written communication regarding the Settlement or Settlement Stipulation to Class Members (other than Class Counsel's communications with the Class Representative, Class Members who have previously contacted or spoken to Class Counsel, or in response to any inquiry by a Class Member) except for the Notice issued by the Settlement Administrator, as set forth in this Settlement Stipulation.

d.   Nothing in this Section is intended to, nor shall it be construed to, violate any ethical obligations of, or interfere with the ability to practice law of, any counsel, including the ability of Class Counsel to provide advice to any Class Member or any current or future client.

e.   Nothing in this Settlement Stipulation shall prevent Defendants from filing any required regulatory disclosures or prevent the Parties or their counsel from complying with their obligations under the law.

f.   Plaintiff and Class Counsel shall promptly notify Defendants' Counsel, via facsimile or email, of any third-party demand or requirement by any law, rule, or regulation, by subpoena, or by any other administrative or legal process to disclose non-public information concerning this Settlement, and shall not make any such disclosure until at least five (5) calendar days after the notice is

provided, except if an earlier production is court-ordered, so that Defendants' Counsel may seek a protective order or other appropriate remedy prior to such disclosure. Should disclosure be required hereunder, Plaintiff and/or Class Counsel shall furnish only that portion of the information pertinent to this Settlement legally required to be disclosed and shall use reasonable efforts to obtain confidential treatment thereof by the recipient.

g. Defendants shall not retaliate against Plaintiff or any Class Member because of such individual's participation in this Settlement. Defendants will not discuss any aspect of the Settlement with Class Members or other employees unless such persons have a business reason to know or have job functions related to the processing of any aspect of this Settlement.

24. **Return of Documents/Data**. No later than sixty (60) calendar days after the Settlement Effective Date, Class Counsel will return or destroy all non-public documents and information produced by Dave & Buster's in this Action other than Class Counsel's work product, and will provide written notice of such to Defendants' Counsel in accordance with the notice provisions herein.

25. **Computing Time**. All events and deadlines referenced in this Settlement Stipulation shall be computed in accordance with Rule 6 of the Federal Rules of Civil Procedure.

26. **Dismissal with Prejudice**. Upon the Settlement Effective Date, Plaintiff's and all Class Members' (other than those who have filed a Request for Exclusion with the Settlement Administrator as described in Section 12(h)) claims against Dave & Buster's shall be dismissed with prejudice.

36

27. **Complete Agreement**.  No representation, promise, or inducement has been offered or made to induce any Party to enter into this Settlement Stipulation, which contains the entire, complete, and integrated statement of all settlement terms as to the putative class claims in the Action and supersedes all previous oral or written agreements, except that it is agreed that as to Plaintiff's individual claims, Plaintiff will enter into a separate severance agreement with Defendants, which will be simultaneously executed on the same date as this Settlement Stipulation.   This Settlement Stipulation may not be amended or modified except by a writing signed by the Parties' authorized representatives.

28. **Knowing and Voluntary Agreement**.  The Parties enter into this Settlement Stipulation knowingly, voluntarily, and with full knowledge of its significance.  The Parties have not been coerced, threatened, or intimidated into signing this Settlement Stipulation and have consulted with legal counsel regarding the Settlement Stipulation.

29. **Notifications and Communications**.   Any notifications required by this Settlement Stipulation shall be submitted either by any form of overnight mail or in person to:

COUNSEL FOR PLAINTIFF AND THE CLASS

Karin E. Fisch, Esq.
Abbey Spanier, LLP
212 East 39th Street
New York, New York 10016

Bradford D. Conover, Esq.
Molly Smithsimon, Esq.
Conover Law Offices
345 Seventh Avenue, 21st Floor
New York, New York 10001

William Frumkin, Esq.
Elizabeth Hunter, Esq.
Frumkin & Hunter LLP
1025 Westchester Ave, Suite 309
White Plains, New York, 10604

COUNSEL FOR DEFENDANTS

Jack Baughman, Esq.
Maria H. Keane, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

30. **Severability**. In the event that any part of this Settlement Stipulation is found to be illegal, invalid, inoperative, or unenforceable in law or equity, such finding shall not affect the validity of any other part of this Settlement Stipulation, which shall be construed, reformed, and enforced to effect the purposes thereof to the fullest extent permitted by law.

31. **Captions and Interpretations**. Section or paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Stipulation or any provision hereof. Each term of this Settlement Stipulation is contractual and not merely a recital.

32. **Binding on Assigns**. This Settlement Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns.

33. **Enforcement of Settlement Stipulation and Governing Law**. This Settlement Stipulation shall be governed by and construed in accordance with the laws of the State of New York, without regard to choice of law principles. The Court shall retain jurisdiction over actions or proceedings based upon, including the enforcement of, this

Stipulation or any of its terms.  All Parties to this Stipulation shall be subject to the jurisdiction of the Court for all purposes related to this Stipulation.

34.   **Settlement Stipulation Form and Construction.**

    a.    The terms and conditions of this Settlement Stipulation are the result of lengthy, carefully considered, arm's-length negotiations between the Parties, and this Settlement Stipulation shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Settlement Stipulation.

    b.    This Settlement Stipulation may be executed in electronic counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one binding Settlement Stipulation.

    c.    This Settlement Stipulation shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Settlement, for a complete resolution of the Action.

    d.    All of the exhibits to be attached hereto shall be incorporated by reference as though fully set forth herein.  In the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit to be attached hereto, the terms of this Stipulation shall prevail.

    e.    This Stipulation and its exhibits constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to the Parties concerning this Stipulation or its exhibits, other than the representations, warranties, and covenants contained and memorialized in such documents.

39

35. **Parties' Authority**. The signatories below represent that they are fully authorized to enter into this Settlement Stipulation and bind the Parties hereto and the Class Members to the terms and conditions thereof.

**IN WITNESS THEREOF,** the Parties each voluntarily and without coercion have caused this

Settlement Stipulation to be signed on the dates entered below:

_Louicles Parra M_                    11 – 17 – 17
———————————————          ————————————
Maria de Lourdes Parra Marin                 Date

STATE OF N Y )
                    ) ss.:
COUNTY OF N Y )

On this 17 day of November 2017, before me personally came Maria de Lourdes

Parra Marin, to me known and known to me to be the person described in and who executed the

foregoing Settlement Stipulation, and she duly acknowledged to me that she executed the same.

————————————————          BRADFORD D. CONOVER
Notary Public                         Notary Public State of New York
                                      No. 02CO4917758
                                      Qualified in New York
                                      Commission Expires December 21, 20 19

Counsel for Plaintiff and Class Members:

FRUMKIN & HUNTER LLP

————————————————
William D. Frumkin

1025 Westchester Ave, Suite 309,
White Plains, New York, 10604

CONOVER LAW OFFICES

————————————————
Bradford D. Conover

345 Seventh Avenue, 21st Floor
New York, NY 10022

ABBEY SPANIER LLP

————————————————
Karin E. Fisch

212 East 39th Street
New York, NY 10016

41

**IN WITNESS THEREOF**, the Parties each voluntarily and without coercion have caused this

Settlement Stipulation to be signed on the dates entered below:

_____        _____
        Maria de Lourdes Parra Marin                Date

STATE OF _____ )
                                        ) ss.:
COUNTY OF _____ )

On this _____ day of _____, 2017, before me personally came Maria de Lourdes

Parra Marin, to me known and known to me to be the person described in and who executed the

foregoing Settlement Stipulation, and she duly acknowledged to me that she executed the same.

_____
Notary Public

Counsel for Plaintiff and Class Members:

FRUMKIN & HUNTER LLP

_____
        William D. Frumkin

1025 Westchester Ave, Suite 309,
White Plains, New York, 10604

41

CONOVER LAW OFFICES


_____

      Bradford D. Conover

345 Seventh Avenue, 21st Floor
New York, NY 10022


ABBEY SPANIER LLP

_____
      Karin E. Fisch

212 East 39th Street
New York, NY 10016

DAVE & BUSTER'S, INC. AND
DAVE & BUSTER'S ENTERTAINMENT, INC.


_____
Jay Tobin
Senior Vice President and General Counsel

43

Counsel for Plaintiff and Class Members:

PAUL, WEISS, RIFKIND, WHARTON &
   GARRISON LLP

_____
            John F. Baughman

1285 Avenue of the Americas
New York, New York 10019-6064

Stipulation Ex. A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT

*Marin, et al. v. Dave & Buster's, Inc., et al.*, No. 15 Civ. 3608 (AKH)

Class Member Identification Number: _____

If You Were A Full-Time Employee of Dave & Buster's
On Or After February 1, 2013 And Had Your Hours Reduced
To Part-Time At Any Time On Or After May 8, 2013
You May Receive A Payment From A Class Action Settlement

*A Federal Court preliminarily approved this Settlement and authorized
this notice. It is not a solicitation from a lawyer. You are not being sued.*

- The Settlement will provide a total of $7,425,000 to pay claims to current and former employees of Dave & Buster's, Inc. ("Dave & Buster's") and to pay attorneys' fees and costs to counsel for the Class in this lawsuit. The Court has not decided who is right and who is wrong. This Settlement was entered into voluntarily between the Parties and their attorneys without any findings of liability.

- This Notice explains how you may participate in the Settlement.

- You can, if you wish, opt out of the Settlement, but if you do so and you still wish to pursue claims against Dave & Buster's, you will have to commence a new action and represent yourself in that case or obtain new lawyers to represent you. You can also object to the Settlement (but if you object, you cannot opt out). **Your legal rights are affected whether you act or don't act. Read this Notice carefully.**

- If you do not opt out of the Settlement, you will be mailed a Settlement Check upon Final Approval of this Settlement by the Court.

Any questions? Read on. You can also visit www. _____.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING NOW AND DEPOSIT OR CASH THE CHECK THAT YOU WILL RECEIVE IN THE MAIL IF THE SETTLEMENT IS APPROVED BY THE COURT** | This is a way to get payment. |
| **EXCLUDE YOURSELF BY _____, 2017 [110 days after preliminary approval]** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against the Defendants about the legal claims in this case. |
| **OBJECT BY _____, 2017 [110 days after preliminary approval]** | Write and tell the Court about why you don't like the Settlement.  You may object **and** receive payment. |
| **GO TO A HEARING ON _____, 2017** | Ask to speak in Court on _____, 2017 at _____.m. about the fairness of the Settlement. |

## BASIC INFORMATION

**Why did I get this Notice?**

Dave & Buster's records show that you worked full-time for Dave & Buster's on or after February 1, 2013 and that your hours were reduced to part-time at some point on or after May 8, 2013.

The Court directed that this Notice be sent to you because you have a right to know about a proposed settlement of a class action lawsuit and about your options before the Court decides whether to approve the Settlement.  If the Court approves it, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.    You can stay informed about the progress of the Settlement by going to www._____.com.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is known as *Maria de Lourdes Parra Marin, on behalf of herself and all other persons similarly situated v. Dave & Buster's, Inc., and Dave & Buster's Entertainment, Inc.,* No. 15 CV 3608 (S.D.N.Y.).

## 2. What is a class action and who is involved?

In a class action lawsuit, one or more persons called "Plaintiffs" or "Class Representatives" sue on behalf of other people who may have similar claims. All these people are a "Class" or "Class Members." The Class Representative who sued – and all of the Class Members like them – are called the Plaintiffs. The companies they sued (in this case Dave & Buster's and Dave & Buster's Entertainment, Inc.) are called the Defendants. One court resolves the issues for everyone in the Class – except for those people who choose to exclude themselves from the Class. Judge Alvin K. Hellerstein will supervise the process of approving the Settlement of this class action.

## 3. What is the lawsuit about?

The Plaintiff in this case alleges that Defendants reduced the hours of certain Dave & Buster's employees from full-time to part-time in order to avoid having to offer and pay for employee health benefits. Plaintiff alleged that cutting those hours for the purpose of depriving employees of benefits was a violation of federal law. Plaintiff sought reinstatement of hours and benefits, and lost wages and benefits incidental to the reinstatement of hours and benefits. Dave & Buster's denies that it violated any law and maintains that it has consistently acted in accordance with all governing laws at all times. Dave & Buster's agreed to settle the lawsuit to avoid continued litigation, but specifically denies any wrongdoing or liability. The Parties' claims are more fully described in the Complaint and in other documents on file with the Court.

## 4. Who is in the Class?

The Class consists of certain employees of Dave & Buster's who were full-time on or after February 1, 2013 and who had their hours reduced to part-time at any time on or after May 8, 2013. If you choose to exclude yourself from the Class, you will not be in the Class.

## 5. Why is there a Settlement?

The Court did not decide in favor of the Plaintiff or Defendants. Instead, both sides agreed to a Settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representative and the Class' lawyers think the Settlement is best for all Class Members.

## THE SETTLEMENT BENEFITS

## 6. What does the Settlement provide?

Pursuant to the Settlement Stipulation, Dave & Buster's has agreed to pay up to $7,425,000 to settle the class claims in this case. In addition to the Settlement Payments to the Class Members, the money in the qualified settlement fund will be used to pay for fees and costs of Class Counsel, any Incentive Award to the Class Representative, the costs of notice and administration of the Settlement, and payroll taxes.

Dave & Buster's cannot retaliate against you for participating in this Class Action.

**7.   What will a Class Member receive from the Settlement?**

You will be paid a proportionate share of the Class Settlement Amount, as determined by the Settlement Administrator in accordance with a Court-approved formula, and based on a number of factors, including: your average weekly hours worked both before and after your change from full-time to part-time status; your rate of pay; the length of time you worked for Dave & Buster's after your change in status; and your enrollment in and/or eligibility for health insurance offered by Dave & Buster's to full-time employees.

**8.   How can I get a payment?**

You will receive a Settlement Check in the mail after the Court gives its final approval of the Settlement, as long as you do not return a written request to exclude yourself from the Settlement, as discussed below.

You will receive IRS Forms W-2 and/or 1099-MISC with the Settlement Check. Each Class Member's tax obligation, including the determination thereof, is the Class Member's responsibility. Neither Plaintiff, Dave & Buster's, their counsel, nor the Claims Administrator is providing tax advice to Class Members.

**9.   When would I get my payment?**

The Court will hold a hearing on _____, 2018, at ___.m. to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals after such approval, which could delay payments. Resolving appeals can take time. Please be patient. You can stay informed about the progress of the Settlement by going to www._____.com. **Keep the Settlement Administrator informed of any changes in your name and address during this time.**

**10.  What am I giving up to get a payment or stay in the Class?**

If you stay in the Class, that means that you can't sue, continue to sue, or be part of any other lawsuit against Defendants about the legal issues in this case. It also means that the Court's orders will apply to you and legally bind you. If you do not exclude yourself from the Settlement, you are agreeing to a "release of claims" as described in the Settlement Stipulation. If you believe you have other claims against Dave & Buster's which you wish to preserve, you should consult with an attorney.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, and you want to keep the right to sue or continue to sue the Defendants on your own about the issues in this case, then you must do

something to get out of this case. This is called "excluding yourself from" or "opting out" of the Settlement.

## 11.   How do I get out of the Settlement?

**If you wish to exclude yourself from the Settlement, you must submit a written request. To do so, you must send a written, signed statement to the Settlement Administrator stating "I opt out of the Marin, et al. v. Dave & Buster's, Inc., et al. Class Action" or words to that effect that clearly express your desire to exclude yourself from this Settlement and litigation. Be sure to include your name, address, telephone number, and the last four digits of your social security number, as well as the Class Member Identification Number listed on the first page of this Notice.** The letter must be signed by you.

To be effective, the Request for Exclusion must be mailed, emailed, or faxed to the Settlement Administrator on or before _____ [110 days after preliminary approval]. It must be sent to the Settlement Administrator at the mailing address, email address, or fax number listed below.

If you submit your request for exclusion by mail, the letter must be mailed to D&B Settlement Administrator, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 3, Media, PA 19063-2561.

[Email & Fax Information for Strategic Claims Services]

## 12.   If I exclude myself, can I get money from the Settlement?

If you exclude yourself from the Class – which is also sometimes called "opting-out" of the Class – you will not get any money from the Settlement. If you exclude yourself, you will not be legally bound by the Court's orders or judgments in this lawsuit.

## 13.   If I don't exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up the right to sue the Defendants for the claims that this Settlement resolves. If you have a pending lawsuit against the Defendants involving any claim whatsoever, even if it is unrelated to wages or benefits, speak to your lawyer in that lawsuit right away. The exclusion deadline is explained above in Section 11.

## THE LAWYERS REPRESENTING YOU

## 14.   Do I have a lawyer in this case?

Yes. The Court has appointed the following law firms as Class Counsel: Abbey Spanier, LLP, 212 East 39th Street, New York, New York 10016; Conover Law Offices, 345 Seventh Avenue, 21st Floor, New York, New York 10001, brad@conoverlaw.com; and Frumkin & Hunter LLP, 1025 Westchester Ave, Suite 309, White Plains, New York, 10604. Unless you choose to hire

your own attorney, these attorneys will represent you as part of the Class.  You have the right to hire your own attorney.

**15.  How will Class Counsel be paid?**

Class Counsel will ask the Court for attorneys' fees and expenses in an amount not exceeding 33% of the Class Settlement Amount.  To date, Class Counsel has received no payment for fees and expenses advanced on behalf of the Class.  Class Counsel will also ask for a payment of $35,000 to the Class Representative for her efforts in this case.  The Court may award less than the amounts requested by Class Counsel.

Class Counsel's attorneys' fees and lawsuit costs and any payments to the Class Representative will be paid out of the Class Settlement Amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the Settlement or some part of it.

**16.  How do I tell the Court that I don't like the Settlement?**

If you are a Class Member, you can object to the Settlement if you don't like it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter saying you object to "**Marin, et al. v. Dave & Buster's, Inc., et al.**"  You must include your name, address, telephone number, the last four digits of your social security number, your Class Member Identification Number listed on page 1 of this Notice, the dates that you worked at Dave & Buster's, your signature, the detailed reasons you object to the Settlement, and whether you are represented by your own lawyer.

To be considered by the Court, a timely objection must be submitted by a Class Member who has not requested exclusion from the Class, and state the specific reason for each objection, including any legal support that the objector wishes to bring to the Court's attention, and copies of any documentary evidence.  You must also state whether you will appear at the hearing on _____ in person or not.

To be effective, your objection must be mailed, emailed, or faxed to the Claims Administrator on or before _____ [110 days after preliminary approval]. It must be sent to the Claims Administrator at the mailing address, email address, or fax number listed below.

If you submit your request to object by mail, the letter must be mailed to D&B Settlement Administrator, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 3, Media, PA 19063-2561.

[Email & Fax Information for Strategic Claims Services]

**What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you cannot object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you don't have to attend or speak.

**When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing on _____, 2018 at _____ m. at Courtroom 14D in the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Hellerstein will listen to people who have asked to speak at the hearing. At or after the hearing, the Court will decide whether to approve the Settlement. The Court may also decide how much to pay Class Counsel. We do not know how long the decision will take. The Court may postpone and/or reschedule the hearing without giving you any further notice. Information about any changes to the date of the hearing and the outcome of the hearing will be posted at www._____.com as it becomes available.

**Do I have to come to the hearing?**

No. Class Counsel will answer questions the Court may have. But, you are welcome to come to the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mail your written objection in on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**May I speak at the Fairness Hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying it is your "Notice of Intention to Appear in **Marin, et al. v. Dave & Buster's, Inc., et al.**" Be sure to include your name, address, telephone number, and signature. Your Notice of Intention to Appear must be postmarked no later than _____, 2017 and be sent to the Clerk of the Court at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, to Class Counsel, and to Defendants' Counsel at the addresses listed in the answer to Question 16. Include on the envelope and your correspondence the following: "No. 15 CV 3608 (S.D.N.Y.)". You cannot speak at the hearing if you exclude yourself.

**21.   What happens if the Court does not approve the Settlement?**

If the Settlement is not finally approved by the Court, the case will proceed forward to trial or other resolution by the Court as if there had been no Settlement.

## GETTING MORE INFORMATION

**22.   How do I get more information?**

This Notice summarizes the proposed Settlement. More details are in a Settlement Stipulation. You can get a copy of the Settlement Stipulation by visiting the website, www._____com, where you will find the Settlement documents, a change of address form, and other information. If you need additional information, you should write to Class Counsel (at the addresses set out in the answer to question 14 above) or call 1-_____.

---

**Please Do Not Call The Court or The Court Clerk.**

Stipulation Ex. B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIA de LOURDES PARRA MARIN, on
behalf of herself and all other persons similarly
situated,

                              Plaintiff,

         - against -

DAVE & BUSTER'S, INC., and
DAVE & BUSTER'S ENTERTAINMENT,
INC.,

                         Defendants.

    _15_ Civ. __3608____ (AKH)

---

## [PROPOSED] FINDINGS AND ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONAL CLASS CERTIFICATION APPROVAL OF NOTICE PLAN, AND SETTING A DATE AND TIME FOR THE FINAL APPROVAL HEARING

Presented to the Court for preliminary approval is a settlement of the litigation. The terms of the Proposed Settlement are set out in the Settlement Stipulation ("Stipulation") executed by counsel for the Parties on November 17, 2017.[1]

Upon reviewing Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Conditional Class Certification and Approval of Notice Plan and the Declaration of Karin E. Fisch and documents attached thereto, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

    1.    <u>Class Certification</u>. The Court preliminarily finds, for settlement purposes only, that the requirements of the United States Constitution, the Federal Rules of Civil Procedure, the

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning ascribed to them in the Stipulation.

Local Rules of the United States District Court for the Southern District of New York and any and all other applicable laws have been met as to the "Settlement Class" defined below, in that:

        a.      The Settlement Class is cohesive and well defined;

        b.      The members of the Settlement Class are reasonably ascertainable from records kept by Defendants, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

        c.      Based on allegations in the Complaint, there are one or more questions of fact and law common to the Settlement Class;

        d.      Based on allegations in the Complaint, the claims of the Plaintiff are typical of the claims of the Settlement Class;

        e.      Plaintiff will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Plaintiff and the nature of her alleged claims are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between Plaintiff and the Settlement Class; and (iii) Plaintiff and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting complicated class actions; and

        f.      Common issues of law and fact predominate over individual issues and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

      2.      Based on the findings set out in paragraph 1 above, the Court preliminarily certifies a class (the "Settlement Class") for settlement purposes only under Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3), consisting of two subclasses:

**"Lost Hours and Benefits Sub-Class"** means all persons currently or formerly employed by Dave & Buster's as hourly wage, full-time employees who were

enrolled in full-time healthcare insurance benefits under the Dave & Buster's Plan at any point from February 1, 2013 through the Preliminary Approval Date, and whose full-time hours were reduced to part-time by Dave & Buster's at any time between May 8, 2013 and the Preliminary Approval Date, which reductions resulted in the loss of wages and the loss of full-time healthcare insurance benefits under the Dave & Buster's Plan, except that employees who were promoted to management or a position at headquarters at any point during the Class Period are excluded from this sub-class; and

**"Lost Hours and Eligibility Sub-Class"** means all persons currently or formerly employed by Dave & Buster's as hourly wage, full-time employees at any point from February 1, 2013 through the Preliminary Approval Date, and whose full-time hours were reduced to part-time by Dave & Buster's at any time between May 8, 2013 and the Preliminary Approval Date, which reductions resulted in the loss of wages and the loss of eligibility for full-time healthcare insurance benefits under the Dave & Buster's Plan, except that employees who were promoted to management or a position at headquarters at any point during the Class Period are excluded from this sub-class.

The two sub-classes together comprise the Settlement Class. A member of the Settlement Class may be a member of the Lost Hours and Benefits Sub-Class or the Lost Hours and Eligibility Sub-Class, but not both. Any persons who exclude themselves from the Settlement Class during the Notice Period as directed in the Stipulation shall not be a member thereof.

3.      The Court preliminarily appoints Plaintiff Maria de Lourdes Parra Marin as Class Representative for the Settlement Class and appoints Abbey Spanier, LLP, Conover Law Offices and Frumkin & Hunter LLP as Class Counsel.

4.      <u>Preliminary Findings Concerning Proposed Settlement</u>. The Court preliminarily finds that the Proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) fair, reasonable, and adequate; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to Plaintiff or segments of the Settlement Class; (v) falling within the range of possible approval; and (vi) warranting notice to Settlement Class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the Proposed Settlement.

5.    <u>Final Approval Hearing</u>.  A hearing is scheduled for

_____, 2018 (the "Final Approval Hearing") to determine,

among other things:

a.    Whether the Settlement should be finally approved as fair, reasonable, and adequate;

b.    Whether the action should be dismissed with prejudice pursuant to the terms of the Stipulation;

c.    Whether the Notice:  (i) constituted appropriate notice; and (ii) met all applicable requirements of the Federal Rules of Civil Procedure and any and all other applicable laws;

d.    Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Stipulation;

e.    Whether the allocation formula as set forth in Exhibit C to the Stipulation should be approved; and

f.    Whether the application for Class Counsel Attorneys' Fees and Lawsuit Costs and Plaintiff's Incentive Award filed by Class Counsel should be approved.

6.    <u>Notices</u>.  A proposed form of Notice is attached to the Stipulation as Exhibit A. The Court finds that the form fairly and adequately:  (i) describes the terms and effect of the Stipulation and of the Settlement; (ii) notifies the Settlement Class concerning the proposed allocation formula and distribution; (iii) notifies the Settlement Class that Class Counsel will seek Attorneys' Fees and Lawsuit Costs not to exceed thirty-three percent (33%) of the Settlement Amount; (iv) gives notice to the Settlement Class of the time and place of the Final Approval Hearing; and (v) describes how the recipients of the Notice may exclude themselves

4

from the Settlement or object to any aspect thereof. The Court directs that, consistent with the Stipulation, the Settlement Administrator:

- No later than thirty (30) calendar days after entry of this Order, cause the Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties to be mailed, by first-class mail, postage prepaid, to each Class Member that had been identified.

- At or before the Final Approval Hearing, the Settlement Administrator shall file with the Court a proof of timely compliance with the foregoing mailing and publication requirements.

7.      Exclusion Requests. Members of the Settlement Class may exclude themselves from the Settlement Class and from participation in the proceeds of the Proposed Settlement by submitting a timely Request for Exclusion to the Settlement Administrator as directed in the Notice. Any member of the Settlement Class who does not provide the Settlement Administrator with a timely Request for Exclusion shall be bound by all the terms and conditions of the Proposed Settlement, including the release of identified claims, whether or not he or she received or cashes his or her Settlement Check.

8.      Objections to Settlement. Any member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the plan of allocation and distribution as set forth in Exhibit C to the Stipulation, to any term of the Stipulation or to Class Counsel's application for Attorneys' Fees and Lawsuit Costs may file an Objection by following the instructions in the Notice. The addresses for service on counsel are as follows:

5

Plaintiff's Counsel/Class Counsel:

| | |
|---|---|
| Karin E. Fisch<br>ABBEY SPANIER, LLP<br>212 East 39th Street<br>New York, New York 10016 | William D. Frumkin<br>Elizabeth E. Hunter<br>FRUMKIN & HUNTER LLP<br>1025 Westchester Avenue, Suite 309<br>White Plains, New York 10604 |
| Bradford D. Conover, Esq.<br>Molly Smithsimon, Esq.<br>CONOVER LAW OFFICES<br>345 Seventh Avenue, 21st Floor<br>New York, New York 10001 | |

Defendants' Counsel:

| |
|---|
| Jack Baughman, Esq.<br>Maria H. Keane, Esq.<br>Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064 |

Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph and the Notice shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Proposed Settlement, and any untimely objection shall be barred.

9.     Appearance at Fairness Hearing.  Any objector who files and serves a timely, written objection may appear at the Fairness Hearing either in person or through counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Fairness Hearing must so state in their objection and must state the specific reason for each objection, including any legal support that the objector wishes to bring to the Court's attention, and copies of any documentary evidence.  Any objector who does not timely file and serve a timely objection and state their of intention to appear shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

6

10.    Service of Papers.  If it appears that any objections were not properly served, the Parties shall furnish each other's counsel with copies of any and all such objections that come into their possession promptly after learning of the deficiency in service.  Class Counsel shall file all objections with the Court prior to the Final Approval Hearing

11.    Fee Petition.  Class Counsel shall file an application Attorneys' Fees and Lawsuit Costs no later than seven (7) calendar days prior to the Fairness Hearing, *i.e.*,

_____, 2018.

12.    Injunction.  Pending the final determination of the fairness, reasonableness and adequacy of the Proposed Settlement, all members of the Settlement Class are enjoined from instituting or commencing any action against Released Parties based on the Released Claims, and all proceedings in this action, except those related to approval of the Proposed Settlement, are stayed.

13.    Termination of Settlement.  This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of the date of execution of the Stipulation, if the Settlement is terminated in accordance with the Stipulation or does not receive final approval.  In such event, Section 22 of the Stipulation shall govern the rights of the Parties.

14.    Use of Order.  This Order is entered in compromise of disputed claims and does not reflect admissions of liability of any kind, whether legal or factual by the Released Parties. The Released Parties specifically deny any liability or wrongdoing.  Plaintiff specifically believes she would have a good chance of prevailing in the event of trial, but settle in recognition of the inherent uncertainty of litigation.  Neither the fact nor the terms of this Order shall be construed or used as an admission, concession, or declaration by or against Released Parties of

any fault, wrongdoing, breach, or liability or as a waiver by any Party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Released Parties to class certification in the event that the Stipulation is terminated or not given final approval.

15.    Continuance of Hearing.  The Court may in its discretion continue the Final Approval Hearing without further written notice.

Dated this _____ day of _____, 2017.


_____
The Honorable Alvin Hellerstein
United States District Court Judge

Stipulation Ex. C

**EXHIBIT C**

*Marin* v. *Dave & Buster's, Inc., et al.*, No. 15 Civ. 3608 (AKH)

The Settlement Administrator will determine each Class Member's proportionate share of the Net Settlement Amount, based exclusively on the information provided by Dave & Buster's and pursuant to the following formula.

(1) The "Net Settlement Amount" will be calculated as follows:

The Gross Settlement Amount of $7,425,000 less:

    a. The amount of Court-approved Class Counsel Attorneys' Fees and Lawsuit Costs (which, for projection purposes, will be assumed to be $2,475,000, the maximum to be sought by Class Counsel for fees and costs);

    b. Any Court-approved Incentive Award to the Class Representative (which, for projection purposes, will be assumed to be $35,000, the maximum to be sought by Class Counsel for the incentive award);

    c. The Court-approved Settlement Administrator Fees and Costs; and

    d. The Employer Taxes payable for the settlement payments made to the Class Members under the Settlement Stipulation.

(2) The projected (but also not guaranteed) settlement payment ("Projected Settlement Payment") for each Class Member in the Lost Hours and Eligibility Sub-Class will be calculated as follows:

    a. For each of the January 1, 2013 to June 30, 2013, September 1, 2013 to February 28, 2014, October 6, 2013 to October 5, 2014, October 6, 2014 to October 4, 2015, October 5, 2015 to October 4, 2016, and October 6, 2016 to October 5, 2017 periods (each a "Benefits Eligibility Period" and collectively, the "Benefits Eligibility Periods"), calculate the average number of weekly hours worked;

    b. For each Benefits Eligibility Period in which the Class Member's average weekly hours were greater than or equal to 30, assign a lost wages value of zero dollars ($0) for that period;

    c. For each Benefits Eligibility Period in which the Class Member's average weekly hours were fewer than 30:

        i. assign as a lost hours value the difference between the average weekly hours for all weeks worked during such period and the

average weekly hours in the preceding period in which the
Class Member's average weekly hours were greater than or
equal to 30;

    ii.  calculate the average hourly wages for such period; and

    iii.  multiply the lost hours value by the average hourly wages by
the number of weeks worked in such period, which will yield
an estimated lost wages value for such period.

  d.  All calculations pursuant to Section (2)c.iii. will be totaled for each
Class Member.

(3) The Projected Settlement Payment for each Class Member in the Lost Hours and
Benefits Sub-Class will be calculated as follows:

  a.  For each Benefits Eligibility Period, calculate the average number of
weekly hours worked;

  b.  For each Benefits Eligibility Period in which the Class Member's average
weekly hours were greater than or equal to 30, assign a lost wages value of
zero dollars ($0) for that period;

  c.  For each Benefits Eligibility Period in which the Class Member's average
weekly hours were fewer than 30:

    i.  assign as a lost hours value the difference between the average
weekly hours for all weeks worked during such period and  the
average weekly hours in the preceding period in which the Class
Member's average weekly hours were greater than or equal to 30;

    ii.  calculate the average hourly wages for such period; and

    iii.  multiply the lost hours value by the average hourly wages by the
number of weeks worked in such period, which will yield an
estimated lost wages value for such period.

  d.  For each Benefits Eligibility Period following the period in which the
Class Member's average weekly hours were fewer than 30, and the class
member was not eligible to enroll in full-time benefits, multiply Dave &
Buster's then-current monthly contribution to the health insurance plan in
which the Class Member had previously been enrolled by the number of
months in the periods following the period in which the Class Member's
average weekly hours were fewer than 30.  This will yield an estimated
lost benefits value for such periods.

  e.  All calculations pursuant to Sections (3)c.iii. and (3)d will be totaled for
each Class Member.

(4) Each Class Member's proportionate share of the Net Settlement Amount will be calculated as follows:

    a.   The Projected Settlement Payments for all Class Members will be totaled ("Total Projected Settlement Payments");

    b.   Each Class Member's Projected Settlement Payment will be divided by the Total Projected Settlement Payments, which will yield the percentage of the Net Settlement Amount to be assigned to each Class Member;

    c.   For each Class Member, multiply the Net Settlement Amount by the percentage assigned to such Class Member, which will yield each Class Member's proportionate share of the Net Settlement Amount;

    d.   The Settlement Administrator will then deduct from each Class Member's proportionate share of the Net Settlement Amount the appropriate Employee Taxes from the lost wages value.