USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/19/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA de LOURDES PARRA MARIN, on behalf of herself and all other persons similarly situated,

                    Plaintiff,

- against -

DAVE & BUSTER'S, INC., and
DAVE & BUSTER'S ENTERTAINMENT, INC.,

                    Defendants.

15 Civ. 3608 (AKH)

## [PROPOSED] FINAL ORDER AND JUDGMENT

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA").

This matter came before the Court for a hearing pursuant to the Preliminary Approval Order of this Court entered on December 17, 2018, on the application of the Parties for final approval of the Settlement set forth in the Class Action Settlement Agreement ("Settlement Agreement"), executed on November 19, 2018.[1]

Before the Court is Plaintiff's Motion for Final Approval of the Settlement, Final Certification of a Class, and for an Award of Attorneys' Fees and Lawsuit Costs and Named Plaintiff's Incentive Fee.

The Court has received an affidavit attesting to the mailing of the Class Notice in accordance with the Preliminary Approval Order and to the mailing of the notices pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA").

---

[1] All capitalized terms used in this Final Order and Judgment and not defined herein shall have the meanings assigned to them in the Settlement Agreement.

The Court held a fairness hearing on May 9, 2019.

Due and adequate notice has been given to the Settlement Class as required in the Preliminary Approval Order, and the Court has considered all papers filed and proceedings in this case, and is otherwise fully informed as to the matter. IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this Action and over all Parties to the Action, including all members of the Settlement Class.

## **CERTIFICATION OF THE SETTLEMENT CLASS**

2. In its Preliminary Approval Order, the Court conditionally certified a Settlement Class. The Court hereby grants final approval of the Settlement Class, for settlement purposes only, under Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3), consisting of two sub-classes and defined as:

> **"Lost Hours and Benefits Sub-Class"** means all persons currently or formerly employed by Dave & Buster's as hourly wage, full-time employees who were enrolled in full-time healthcare insurance benefits under the Dave & Buster's Plan at any point from February 1, 2013 through the Preliminary Approval Date, excluding employees in Hawaii, and whose full-time hours were reduced to part-time by Dave & Buster's at any time between May 8, 2013 and the Preliminary Approval Date, which reductions resulted in the loss of wages and the loss of full-time healthcare insurance benefits under the Dave & Buster's Plan, except that employees who were promoted to management or a position at headquarters at any point during the Class Period are excluded from this sub-class; and

> **"Lost Hours and Eligibility Sub-Class"** means all persons currently or formerly employed by Dave & Buster's as hourly wage, full-time employees at any point from February 1, 2013 through the Preliminary Approval Date, excluding employees in Hawaii, and whose full-time hours were reduced to part-time by Dave & Buster's at any time between May 8, 2013 and the Preliminary Approval Date, which reductions resulted in the loss of wages and the loss of eligibility for full-time healthcare insurance benefits under the Dave & Buster's Plan, except that employees who were promoted to management or a position at headquarters at any point during the Class Period are excluded from this sub-class.

3. The two sub-classes together comprise the Settlement Class. A member of the Settlement Class may be a member of the Lost Hours and Benefits Sub-Class or the Lost Hours and Eligibility Sub-Class, but not both. Any person who timely excluded him/herself from the Settlement Class during the Notice Period, as defined in the Settlement Agreement, shall not be a member of the Settlement Class.

4. All of the requirements for class certification under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) are satisfied.

**APPROVAL OF THE SETTLEMENT AGREEMENT**

5. In its Preliminary Approval Order, the Court preliminarily approved the Settlement Agreement. The Settlement Agreement encompasses an Injunctive Relief, as defined in the Agreement, geared specifically to the allegations of the Complaint and the creation of a common fund of $7,425,000, which will be used to compensate members of the Settlement Class for their claimed loss of wages and benefits, after payment of the Settlement Administrator's Fees and Expenses, Employee Taxes, Employer Taxes, and subject to the Court's approval, the Class Counsel Attorneys' Fees and Lawsuit Costs and Incentive Award to the Class Representative. The Court finds that the Settlement Agreement is fair, reasonable, and adequate as to each member of the Settlement Class. The Settlement Agreement is finally approved in all respects.

6. The Class Notice met the statutory requirements of notice under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirement of due process.

7. On January 4, 2019, copies of the Class Notice were mailed via first class mail to Settlement Class members. The webpage, www.strategicclaims.net/db/ was also established on

January 4, 2019 and contained a brief description of the class, status of the case, important dates, and links to relevant documents in both English and Spanish.

8. The Class Notice fully informed Settlement Class members of their rights with respect to the Settlement Agreement, including the right to object to or exclude themselves from the Settlement Agreement, Class Counsel's application for an award of attorneys' fees and reimbursement of expenses, Plaintiff's incentive fee application, the Settlement Administrator's Fees and Expenses, Employee Taxes, and Employer Taxes, all to be paid from the Settlement Amount.

9. Defendants have complied fully with the CAFA notice provisions.

10. Only two Class Members opted out of the Settlement Agreement, and the Settlement Administrator did not receive any objections.

**AWARD OF ATTORNEYS' FEES AND LAWSUIT COSTS**

11. In its Preliminary Approval Order, the Court preliminarily appointed Abbey Spanier, LLP, Frumkin & Hunter LLP, and Conover Law Offices as Class Counsel. The Court confirms that appointment.

12. Class Counsel is hereby awarded attorneys' fees in the amount of $2,227,500, ~~or ___% of the Class Settlement Amount, and reimbursement of~~ inclusive of ~~expenses in the amount of ___~~ and two ~~___~~ of which the Court finds to be fair and reasonable.

13. These attorneys' fees and reimbursement of expenses shall be paid from the Qualified Settlement Fund (the "QSF").

14. In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:

4

a) The Settlement achieved as a result of the efforts of Class Counsel has resulted in both Injunctive Relief and a common fund of $7.425 million to compensate members of the Settlement Class for their alleged loss of wages and benefits, after payment of the Settlement Administrator's Fees and Expenses, Employee Taxes, Employer Taxes, and subject to the Court's approval, the Class Counsel Attorneys' Fees and Lawsuit Costs and Incentive Award to the Class Representative;

b) The Action involves complex factual and legal issues and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

c) Had Class Counsel not achieved the Settlement, there would remain a significant risk that Plaintiff and the Settlement Class may have recovered less or nothing from Defendants;

d) The amount of attorneys' fees and expenses awarded are consistent with awards in similar cases.

**INCENTIVE AWARD**

15. In its Preliminary Approval Order, the Court preliminarily appointed Named Plaintiff Maria de Lourdes Parra Marin as Class Representative for the Settlement Class. The Court confirms that appointment.

16. The Court finds that the Incentive Award to Class Representative Named Plaintiff Maria de Lourdes Parra Marin in the amount of $35,000 is reasonable, payable from Plaintiffs' counsel's fees. ~~This amount shall be paid from the QSF.~~

5

## **AWARD OF SETTLEMENT ADMINISTRATOR'S FEES AND COSTS**

17. The Court has reviewed the Declaration of Sarah Evans, the Project Manager of the Settlement Administrator, Strategic Claims Services ("SCS"), dated April 25, 2019. The Court finds reasonable, and hereby approves, the actual fees and expenses that SCS has incurred thus far of $40,950.04 of the $50,000 Defendants advanced to SCS after the Court preliminarily approved the Settlement Agreement.

18. Plaintiff requests the Court's permission to advance from the QSF another $50,000 to the Settlement Administrator at this time. The Court grants Plaintiff's request.

19. The Court orders that a final accounting of SCS's work, fees, and expenses be presented to the Court for final approval prior to the final distribution.

## **CONCLUSION**

20. The Court orders that:

   a. The Settlement Class consisting of two sub-classes, as defined in this Order, is approved for settlement purposes only, under Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3).

   b. The terms of the Settlement Agreement are fair, reasonable and adequate and in the best interests of the Settlement Class, and are approved in all respects;

   c. Maria de Lourdes Parra Marin is appointed the representative of the Settlement Class;

   d. Abbey Spanier, LLP, Frumkin & Hunter LLP, and Conover Law Offices are appointed Class Counsel to represent the Settlement Class under Fed. R. Civ. P. 23;

   e. Class Counsel's Attorneys' Fees and Lawsuit Costs Award is approved;

f. The Incentive Award is approved;

g. The Settlement Administrator's fees and expenses incurred thus far of $40,950.04 of the $50,000 Defendants advanced to SCS after the Court preliminarily approved the Settlement Agreement are approved. The Court also approves an advance from the QSF of another $50,000 to the Settlement Administrator at this time;

h. The Court orders that a final accounting of SCS's work, fees, and expenses be presented to the Court for final approval prior to the final distribution

i. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

j. The "Settlement Effective Date" shall be thirty-five (35) calendar days after the Court's entry of the Order if no party appeals this Order. If any party appeals or seeks other judicial review of this Order, the Settlement Effective Date shall be the date on which all such appeals (including, *inter alia*, petitions for rehearing or reargument, petitions for rehearing *en banc*, and petitions for *certiorari* or any other form of review) have been finally adjudicated and this Order can no longer be appealed or reviewed.

k. This Order shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

l. Without affecting the finality of this judgment, the Court retains exclusive jurisdiction for purpose of enforcing the Settlement Agreement and overseeing the distribution of the QSF.

m. The Parties shall implement and abide by all terms of the Settlement Agreement, which is incorporated herein. Without further order of the Court, however, the Parties may agree in writing to reasonable extensions of time to carry out the provisions of the Settlement Agreement.

n. The Settlement Administrator shall distribute the funds in the QSF in accordance with the terms of the Settlement Agreement.

o. The plan of allocation and distribution as set forth in the Section 11 of, and Exhibit C to, the Settlement Agreement is approved as fair and reasonable. The allocation formula may be modified, if necessary, upon written consent of the Parties, as provided in Section 11 (a) of the Settlement Agreement.

p. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Settlement Class Member and shall follow the procedures outlined in the Settlement Agreement with respect thereto.

q. Upon the Settlement Effective Date, this Action and all claims asserted in it, as well as all of the Released Claims, shall be dismissed with prejudice in its entirety, as the Settlement Agreement against all Defendants has been approved, and all Class Members who have not excluded themselves from the Settlement shall be permanently enjoined from pursuing and/or seeking to reopen claims that have been released pursuant to the Settlement Agreement.

r. In accordance with the terms and definitions contained in the Settlement Agreement, all Class Members release all Released Claims against all Defendants.

s.  Neither this Final Order and Judgment nor the Settlement Agreement, or any and all negotiations, documents and discussions associated with them shall be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by Defendants, or the truth of any of the claims or allegations contained in the Complaint or any other pleading or document, and evidence thereof shall not be discoverable, admissible or otherwise used directly or indirectly, in any way by any party, whether in this Action or in any other action or proceeding, nor shall the Settlement be used or referred to in any subsequent motion for class certification made by any party to this Action.

t.  If this Court's approval of the Settlement Agreement is overturned on appeal, the Parties' rights are governed by Section 22 of the Settlement Agreement.

u.  The Court hereby directs that this Final Order and Judgment be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b). The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of Plaintiff and the Settlement Class in this Action, allows consummation of the Settlement, and will expedite the distribution of the Settlement proceeds to the members of the Settlement Class.

v. Upon entry of this Final Order and Judgment, all Settlement Class Members, Plaintiff and Defendants shall be bound by the terms of the Settlement Agreement and by this Final Order and Judgment.

Dated this ___19th___ day of ~~May,~~ July, 2019

_____
The Honorable Alvin Hellerstein
United States District Court Judge